Katz v. NHDCYS                          CV-93-211-M    12/30/96
                UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


Elena Katz and Arnold D. Grodman,
Individually and as Parents and Next
Friends of Eleonora Rose Grodman,
     Plaintiffs,

     v.                                        Civil No. 93-211-M

N.H. Division of Children and Youth Services;
N.H. Department of Health & Human Resources;
Beth Anne Sargent Enriquez; Pamela Shaw; Gayle
Richards; Robert Doty; Christopher T. Regan,
     Defendants.


                          O R D E R


     Plaintiff Elena Katz moves for reconsideration of that part
of the court's order of November 20, 1996, dismissing her Fourth
Amendment claim based on DCYF's temporary removal of her daughter
from her care.  The court has reconsidered its order and
determines that Katz's Fourth Amendment claim was properly
dismissed.

     Katz focuses the court's attention on one paragraph of the
plaintiffs' complaint[1] which alleges as follows:

       Eleonora's forcible removal from her crib and home and
       the pressing of child neglect charges against her

_____

     [1]  Katz references paragraph 105, apparently in the Third
Amended Complaint, which corresponds to paragraph 118 in the
Fourth Amended Complaint.

mother Elena Katz were carried out without probable cause thereby violating the plaintiffs' Fourth Amendment rights as guaranteed and protected under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

In its November order, the court dismissed Katz's Fourth Amendment claim because only Eleonora was "seized," not her parents, and thus only she has a Fourth Amendment claim. Katz now argues that the court misapprehended her claim as pled, which, she contends, relates as well to her own expectation of and right to privacy in her room at "My Friend's Place," and her own right to be free of an unreasonable seizure of her daughter.

Without deciding or even considering whether the Fourth Amendment includes a right to privacy distinct from a right to be free from unreasonable searches and seizures,[2] Katz's argument is necessarily rejected because she did not allege any distinct personal expectation of or right to privacy, or any violation of such a distinct personal right in her complaint.[3] As to the

---

[2] Katz alleges in the referenced paragraph only that her daughter was forcibly removed from her crib and home and that neglect charges were pressed against her without probable cause. She does not allege any violation of her own Fourth Amendment rights resulting from the entry into her room by officers when they took custody of Eleonora.

[3] To the extent Katz is again asserting a right to family privacy or integrity, as explained in the November 20 order, that claim was previously dismissed and cannot be resurrected under the guise of a Fourth Amendment claim.

2

second aspect of her argument on reconsideration, Katz has cited no authority in support of her own independent Fourth Amendment right to be free from an allegedly unreasonable removal of her daughter by DCYF.  Her theory suggests that she has and was deprived of a property interest in her daughter.  But courts have generally held that only the child has a Fourth Amendment right to be free from unreasonable seizure.  <u>See, e.g.</u>  <u>J.B. v. Washington County</u>, 905 F.Supp. 979 988-89 (D. Utah 1995); <u>Tenenbaum v. Williams</u>, 862 F. Supp. 962, 973-76 (E.D.N.Y. 1994).


<u>CONCLUSION</u>

Accordingly, plaintiff's motion for reconsideration (document no. 238) is granted.  After reconsideration, this court's order of November 20, 1996, is affirmed as entered.  The case is remanded to state court per the November 20 order.


SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

**December 30, 1996**

cc:  Suzan M. Lehmann, Esq.
     Charles G. Douglas, III, Esq.

3